[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15586
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20330-MGC-7

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAUL FERRAO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 24, 2014)

Before TJOFLAT, MARTIN, and JORDAN, Circuit Judges.

PER CURIAM:

Raul Ferrao appeals his 36-month sentence imposed after pleading guilty to

one count of conspiracy to commit access device fraud, in violation of 18 U.S.C.

§ 1029(b)(2).  He argues that his sentence is substantively unreasonable because the district court failed to justify a sentence six times above the top end of the guideline range.  After review, we affirm.

The defendant bears the burden to show his sentence is unreasonable. United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008).  We review the reasonableness of a sentence for an abuse of discretion using a two-step process. Id. at 1190.  Normally we look first at whether the sentence is procedurally reasonable.  Id.  Here, however, Ferrao does not assert any procedural error in his sentence.

Second, we examine whether the sentence is substantively unreasonable under the totality of the circumstances, including the extent of any variance from the guideline range.  Id.  If the sentence imposed is reasonable in light of all the circumstances presented, the weight given to any specific sentencing factor in 18 U.S.C. § 3553(a) is committed to the sound discretion of the district court.  See United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007).  "[A] district judge must give serious consideration to the extent of any departure from the Guidelines and must explain [her] conclusion that an unusually lenient or an unusually harsh sentence is appropriate in a particular case with sufficient justifications."  Gall v. United States, 552 U.S. 38, 46, 128 S. Ct. 586, 594 (2007).  At the same time, a sentence outside the guideline range does not require extraordinary circumstances.

2

Id. at 47, 128 S. Ct. at 595.  We will reverse a sentence for being substantively unreasonable only when "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation marks omitted).

Here, Ferrao has not met his burden to show that his sentence was substantively unreasonable.  See Pugh, 515 F.3d at 1189–90.  At sentencing, the district court noted that Ferrao's guideline range was zero to six months.  However the district court, relying on the § 3553(a) factors, found that a sentence in that range would be inadequate.  In so finding the district court relied on the nature of the offense, 18 U.S.C. § 3553(a)(1); the seriousness of the offense, id. § 3553(a)(2)(A); and the need to afford adequate deterrence to this kind of criminal conduct, id. § 3553(a)(2)(B).  The district court also considered undisputed facts in the presentence report describing Ferrao's conduct.  Based on these findings and weighing of the § 3553(a) factors, the district court sentenced Ferrao to 36-months imprisonment.

Given the totality of the circumstances, Ferrao's 36-month sentence is within the range of reasonable sentences dictated by the facts of this case, especially considering the wide-ranging nature of the credit card fraud conspiracy to which

3

Ferrao pleaded guilty.  See Irey, 612 F.3d at 1190.  Ferrao's argument essentially asks us to reweigh the relevant § 3553(a) factors, which we do not do as long as the ultimate sentence is reasonable.  United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2011).  While, as Ferrao argues, the applicable guideline range and proportionality with codefendants are also relevant factors, 18 U.S.C. §§ 3553(a)(4), (a)(6), we cannot say the district court's decision to weigh other factors more heavily was unreasonable.  See Clay, 483 F.3d at 743.

**AFFIRMED.**